UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS ROSALES,


                                        Plaintiff,

                                                                    DECISION AND ORDER

                                                                    10-CV-6044L


                        v.

LESTER N. WRIGHT,
RITA GRINBERGS,
WESLEY K. CANFIELD,
P. GRIFFIN,
A. BARTLETT,
W. HOPKINS,
M. SHEAHAM,


                                        Defendants.

_____


        Plaintiff, Luis Rosales, an inmate in the custody of the New York State Department of

Correctional Services ("DOCS"), commenced this action under 42 U.S.C. § 1983.  He has sued

seven defendants, all of whom are DOCS officials or employees, alleging various violations of his

civil rights during plaintiff's confinement at Southport Correctional Facility.

        Four of the defendants–P. Griffin, M. Sheaham, A. Bartlett, and W. Hopkins ("moving

defendants")–have moved to dismiss the claims against them under Rules 12(b)(1) and 12(c) of the

Federal Rules of Civil Procedure.  That motion is granted.

        Plaintiff first brought his claims against the moving defendants in April 2010, in a separate

case, *Rosales v. Griffin*, 10-CV-6237.  On May 12, 2010, the Court consolidated that action with a

previously-filed action, *Rosales v. Wright*, 10-CV-6044.  The complaints in both actions concern

different, but factually related, events at Southport.  *See* Decision and Order (Dkt. #11) at 1.

Pursuant to the Court's consolidation order, the complaint in *Griffin* is deemed to be a supplemental complaint in *Wright*.

Both the *Wright* and *Griffin* complaints seek only injunctive relief. *See Wright*, Dkt. #1 at 8; *Griffin*, Dkt. #1 at 9. The moving defendants contend that plaintiff's claims against them should therefore be dismissed, since plaintiff has since been transferred to Clinton Correctional Facility. *See* Def. Mem. of Law (Dkt. #20) at 2. The DOCS Inmate Lookup Service, *available at* http://nysdoccslookup.doccs.ny.gov/, does indicate that plaintiff is now at Clinton, and plaintiff has not controverted that showing.[1] Since the moving defendants all work at Southport, they argue, there is no basis upon which the Court could grant plaintiff any injunctive relief as to them.

"[F]ederal Courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). A case becomes moot if intervening events render it impossible to grant any effective relief to the prevailing party. *Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008); *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1372 (Fed. Cir. 2000). If a case becomes moot, there is no justiciable "case or controversy" for the court to decide, and the court is divested of subject matter jurisdiction. *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010); *Muhammad v. City of New York Dep't of Corr.*, 126 F.3d 119, 122-23 (2d Cir. 1997). *See also Beyah v. Coughlin*, 789 F.2d 986, 988 (2d Cir. 1986) ("an actual controversy must be extant at all stages of the case, not just at the time the complaint is filed").

"In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). *Accord Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002); Borihane

---

[1]On a motion to dismiss under Rule 12(b)(1), a court may consider materials outside the pleadings. *Amidax Trading Group v. S.W.I.F.T. SCRL*, ___ F.3d ___, 2011 WL 6317466, at *3 (2d Cir. 2011); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *cert. denied*, ___ U.S. ___, 130 S.Ct. 783 (2009).

v. Outhouse No. 9:05-CV-1256, 2007 WL 2071698, at *4 (N.D.N.Y. July 18, 2007). *See also Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (stating that "[i]n order for a federal court to retain jurisdiction over a case, an actual controversy must exist 'at all stages of review, not merely at the time the complaint is filed,'" and that "[i]t is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility") (quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)).

As stated, defendants have presented evidence that plaintiff is no longer at Southport.  That evidence stands uncontroverted.  *See Thompson v. County of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (party invoking the jurisdiction of the court has the burden of proof in a 12(b)(1) motion); *Van Tassell v. United Marketing Group, LLC*, 795 F.Supp.2d 770, 776-77 (N.D.Ill. 2011) (once defendant has offered evidence showing that subject matter jurisdiction does not exist, "[t]he presumption of correctness that we accord to a complaint's allegations falls away,' and the plaintiff bears the burden of coming forward with competent proof that jurisdiction exists") (quoting *Apex Digital v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009)).   Accordingly, there is no way in which the Court could grant the relief sought by plaintiff as against the moving defendants.  Plaintiff's claims against the moving defendants are therefore dismissed.

**CONCLUSION**

The motion to dismiss (Dkt. #19) by defendants P. Griffin, M. Sheaham, A. Bartlett, and W. Hopkins is granted, and plaintiff's claims against those four defendants are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      January 11, 2012.